FILED

1   Tammy Hussin, Esq. (Bar No. 155290)
2   Lemberg & Associates, LLC
    6404 Merlin Drive
3   Carlsbad, CA 92011
4   Telephone (855) 301-2100 ext. 5514
    thussin@lemberglaw.com
5
6   Lemberg & Associates, LLC
    1100 Summer Street
7   Stamford, CT 06905
8   Telephone: (203) 653-2250
    Facsimile: (203) 653-3424
9
10  Attorneys for Plaintiff,
    Lena Tokaelian
11

2013 SEP 13  PM 3: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                     WESTERN DIVISION

16

17  Lena Tokaelian,                    Case No.: **CV13-06773** JEM

18

19          Plaintiff,                 **COMPLAINT FOR DAMAGES**
                                        **1. VIOLATION OF FAIR DEBT**
20      vs.                            **COLLECTION PRACTICES ACT,**
                                        15 U.S.C. § 1692 *ET. SEQ*;
21  Collection Technology, Inc.; and DOES 1-   **2. VIOLATION OF FAIR DEBT**
22  10, inclusive,                     **COLLECTION PRATICES ACT,**
                                        CAL.CIV.CODE § 1788 *ET. SEQ.*
23          Defendants.
                                        **JURY TRIAL DEMANDED**
24

25

26

27

28

─────────────────────────────────────

                              COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Lena Tokaelian, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Lena Tokaelian (hereafter "Plaintiff"), is an adult individual residing ain Glendale, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Collection Technology, Inc. ("CTI"), is a California business entity with an address of 1200 Corporate Center Drive, Suite 325, Monterey Park, California 91754, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by CTI and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     CTI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to U.S. Department of Education (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to CTI for collection, or CTI was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     CTI Engages in Harassment and Abusive Tactics**

12.     Prior to and within the last year, CTI contacted Plaintiff's friend in an attempt to collect the Debt from Plaintiff.

13.     CTI disclosed the nature of the call to Plaintiff's friend, causing a great deal of humiliation and distress to Plaintiff.

14.     Although Plaintiff had provided her friend's name and number as a reference on the original application, Plaintiff had not changed her telephone number in the past 19 years, therefore CTI had Plaintiff's contact information and has never attempted to call Plaintiff in an attempt to collect the Debt.

15.     CTI contacted a third party for purposes other than Plaintiff's location information since CTI previously had all the necessary information to reach Plaintiff.

16.     Following the call to Plaintiff's friend, Plaintiff contacted CTI and requested that CTI remove the reference number from the account and communicate with Plaintiff directly.

17.     Plaintiff further informed CTI that she was unemployed at that time and could not afford to repay the Debt in full, however offered to make small monthly payments in an effort to stop collection activity.

18.     CTI agreed to accept payments from Plaintiff, however demanded that Plaintiff provided three references.

19.     Plaintiff stated that she did not have any family in this country other than her minor children.

20.     CTI responded that it would not accept payments from Plaintiff unless the references were provided and advised Plaintiff to use her Facebook friends as references.

**C.     Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692b and 1692c(b).

COMPLAINT FOR DAMAGES

26.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

32.     Collection Technology, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

33.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

34.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

35.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38.     California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

39.     The Defendants intentionally intruded upon Plaintiff's right to privacy by disclosing the information about the Debt to Plaintiff's friend, who did not co-sign for the Debt and was not responsible for its repayment.

40.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

42.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

COMPLAINT FOR DAMAGES

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 13, 2013          TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Lena Tokaelian

Tammy Hussin, Esq.
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Lena Tokaelian <br><br> PLAINTIFF(S) <br> v. <br><br> Collection Technology, Inc.; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | **CV13-06773** —JEM <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):   Collection Technology, Inc.

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, Esq., Lemberg & Associates, LLC, whose address is 6404 Merlin Drive, Carlsbad, CA 92011.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   SEP  1 3 2013

By: _____
                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                            **SUMMONS**